**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DEREK SPENCER** | : | **NO. 15-562** |

# MEMORANDUM

**Savage, J.** **September 1, 2026**

Defendant Derek George Spencer, who has served over 46 months of his five-year term of supervised release, moves for early termination.[1] He contends he is his mother's primary caretaker and the travel restrictions while on supervised release hampers his ability to respond quickly to her emergencies. He cites his full compliance with the conditions of supervision, including making regular restitution payments.

The government opposes the motion. It argues that once he is no longer on supervised release, Spencer will have no incentive to pay restitution. The government acknowledges that Spencer has been in compliance with his conditions of supervision, reports on schedule, has maintained steady employment, and has a stable residence.

A court may, in its discretion, terminate a term of supervised release after one year "if termination is warranted by the defendant's conduct and is in the interest of justice." 18 U.S.C. § 3583(e). Before doing so, the court must consider the sentencing factors set forth in § 3553(a). Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has noted that the need for a sentence to reflect

[1] The term of supervised release in 23-cr-421 expired on July 23, 2026. Supervision on this case,15-cr-562, began on February 17, 2021, but it was tolled during the time he was serving his prison sentence on 23-cr-421.

the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012).

Supervised release is not intended to be a form of punishment. See *United States v. Granderson*, 511 U.S. 39 (2000). It is meant to assist the defendant integrating into the community. It is a form of rehabilitation. *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021); *United States v. Murray*, 692 F.3d at 280.

When a court imposes a term of supervised release, it can only predict how the defendant will respond to the rehabilitative process. It does not have the benefit of a track record while under supervision. After a period of imprisonment and supervision, the defendant's conduct provides insight the sentencing court did not have when the sentence was imposed. A motion to terminate supervised release supplies a mechanism to reevaluate the efficacy of the rehabilitative process and the need for continuing supervision.

We are mindful that Spencer committed another crime (bribery of a prison official) while incarcerated on his case. His conduct raises concerns of deterrence and respect for the law. That concern is mitigated by his conduct on supervised release as reported by his probation officer.

Spencer, who is 52 years of age, has been fully compliant with his conditions of supervised release, has maintained steady employment, has been raising his college-bound daughter, and has regularly made restitution payments. He has integrated into the community and is not a danger to the community. He is not in need of further

rehabilitation. Therefore, after considering the applicable § 3553(a) factors, we will grant the motion for termination of supervised release.